IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONTEREY RESEARCH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-158 (NIQA) |
| | ) | |
| MARVELL TECHNOLOGY GROUP LTD., | ) | |
| MARVELL INTERNATIONAL LTD., | ) | |
| MARVELL ASIA PTE LTD. and | ) | |
| MARVELL SEMICONDUCTOR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR IN THE <u>ALTERNATIVE TO TRANSFER BASED ON CONVENIENCE</u>**

OF COUNSEL:

Bijal Vakil
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
(650) 213-0300

June 11, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. MSI is Not Subject to Venue in Delaware ..............................................................2

        1. Residence or places of any of MSI's Delaware affiliates cannot be imputed to MSI for venue purposes ............................................................2

            a. Monterey's bare allegations are insufficient to satisfy the "notoriously difficult" alter ego test requirements or to justify venue related discovery ................................................................. 2

            b. Monterey's allegations also fail under an agency theory as none of MSI's Delaware affiliates identified by Monterey have locations or employees in Delaware ............................................... 4

        2. Monterey's request for venue related discovery is frivolous ...................... 5

    B. MTGL, MIL and MAPL are Not Subject to Personal Jurisdiction in Delaware .....7

        1. Monterey has failed to meet its burden of establishing a prima facie case that MTGL, MIL and MAPL are subject to personal jurisdiction in Delaware ................................................................................................ 7

        2. Monterey cannot establish that the federal long-arm statute reaches MTGL, MIL and MAPL ............................................................................ 8

        3. Monterey is not entitled to take jurisdictional discovery ........................... 9

    C. Even if this Court were to determine jurisdiction exists, it should transfer the case to the Northern District of California .............................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
 772 F. Supp. 1458 (D. Del. 1991) ................................................................................. 4

*AstraZeneca AB v. Mylan Pharms. Inc.*,
 No. 18-1562-CFC, 2019 U.S. Dist. LEXIS 180264 (D. Del. Oct. 18, 2019) ............. 5

*Beacon Nav. GmbH v. Chrysler Grp. L.L.C.*,
 2013 U.S. Dist. LEXIS 38437 (D. Del. Mar. 20, 2013) ........................................... 10

*Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*,
 No. 17-374-LPS, 2018 U.S. Dist. LEXIS 179154 (D. Del. Oct. 28, 2018) ......... 3, 4, 7

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
 No. 17-379-LPS, 2017 WL 3980155 (D. Del. Sept. 11, 2017) ............................. 6, 7

*Eastman Chem. Co. v. AlpaPet Inc.*,
 No. 09-971-LPS-CJB, 2011 U.S. Dist. LEXIS 158477 (D. Del. Nov. 18, 2011) ....... 9

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
 623 F.3d 147 (3d Cir. 2010) ....................................................................................... 5

*Galderma Labs., Inc. v. Medinter US, LLC*,
 No. 18-1892-CFC-CJB, 2019 U.S. Dist. LEXIS 184608 (D. Del. Oct. 25, 2019) .. 3, 4

*In re Google Inc.*,
 2017 U.S. App. LEXIS 4848 (Fed. Cir. Feb. 23, 2017) .......................................... 10

*In re Zimmer Holdings, Inc.*,
 609 F.3d 1378 (Fed. Cir. 2010) ............................................................................... 10

*Intellectual Ventures I LLC v. Ricoh Co.*,
 67 F. Supp. 3d 656 (D. Del. 2014) ............................................................................ 8

*Javelin Pharm., Inc. v. Mylan Labs. Ltd.*,
 No. 16-224-LPS, 2017 WL 5953296 (D. Del. Dec. 1, 2017) ................................ 5, 6

*Jumara v. State Farm Ins. Co.*,
 55 F.3d 873 (3d Cir. 1995) ...................................................................................... 10

*Mallinckrodt IP v. B. Braun Med. Inc.*,
 No. 17-365-LPS, 2017 WL 6383610 (D. Del. Dec. 14, 2017) ................................. 6

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
 263 F. Supp. 3d 498 (D. Del. 2017) .......................................................................... 9

*NetSoc, LLC v. LinkedIn Corp.*,
   No. 18-CV-12215 (RA), 2020 U.S. Dist. LEXIS 6425 (S.D.N.Y. Jan. 14, 2020) ................... 10

*Pearson v. Component Tech. Corp.*,
   247 F.3d 471 (3d Cir. 2001) ........................................................................................... 2, 3

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ................................................................................................ 5

*Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*,
   332 F.3d 188 (3d Cir. 2003) ................................................................................................ 3

*UCB, Inc. v. Mylan Techs., Inc.*,
   No. 17-322-LPS, 2017 WL 5985559 (D. Del. Dec. 1, 2017) ....................................................... 6

*Univ. of Mass. Med. Sch. v. L'Oréal S.A.*,
   No. 17-868-CFC-SRF, 2018 U.S. Dist. LEXIS 192832 (D. Del. Nov. 13, 2018) ....................... 8

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................................ 2

**I.      INTRODUCTION**

Monterey cannot escape the simple fact that venue in Delaware is not proper with respect to MSI, the Marvell entity at the core of Monterey's infringement claims. Monterey's assertion that venue is proper turns on a bare allegation of speculative interrelationships between MSI and its Delaware affiliates not set forth in its Complaint but raised for the first time in its opposition. There is no evidence to support Monterey's speculation, nor does Monterey state the theory – alter ego or agency – under which it is claiming that either residence or a regular and established place of business of any of MSI's Delaware affiliates can be imputed to MSI. Regardless, either theory necessarily fails. MSI and each of its Delaware affiliates are legally separate entities that maintain separate corporate formalities. Moreover, none of MSI's Delaware affiliates have employees or physical locations within Delaware, making Monterey's allegations frivolous and discovery on this issue futile.

Monterey has also failed to meet its burden of establishing a prima facie case that MTGL, MIL, and/or MAPL are subject to personal jurisdiction in Delaware. The record is clear that MSI is the Marvell entity that operates in the U.S. and that none of the other foreign Marvell entities have sufficient contacts to allow for the exercise of personal jurisdiction in this district over them. Monterey's misguided attempts to attribute the activities of MSI – the U.S. operating subsidiary – to MTGL by misrepresenting statements in MTGL's SEC filing are not sufficient to justify jurisdictional discovery.

Granting Marvell's motion would allow a litigation principally between two entities with physical locations and employees in the Northern District of California, and with no physical locations or employees in Delaware, to proceed in that district, where it belongs.[1]

---

[1] Monterey makes the offensive and unsupported argument that the defendants did not seek to dismiss or transfer this case until it was reassigned from Judge Connolly. The fact is that the

## II.  ARGUMENT

### A.  MSI is Not Subject to Venue in Delaware

Monterey does not dispute that venue is improper as to MSI under the "reside" prong of 28 U.S.C. § 1400(b), and it does not and cannot allege that MSI has any facilities or employees in Delaware under the "regular and established place of business" prong. D.I. 33 ("Opp.") at 12–13. Instead, Monterey speculates that MSI's Delaware affiliates "*appear*" to have close relationships with MSI. *Id.* at 13. Specifically, Monterey identifies Marvell Technology, Inc. as the parent of MSI, and alleges that Marvell Semiconductor, Ltd. has a similar name to MSI. *Id.* However, neither of these entities make or sell any product, nor has either entity been accused of infringement. Supplemental Decl. of Rita Patel ("Suppl. Patel Decl.") ¶¶ 3–4.

#### 1.  Residence or places of any of MSI's Delaware affiliates cannot be imputed to MSI for venue purposes

Monterey has failed to allege either (i) an alter ego theory or (ii) an agency theory to justify imputing residence or places of any of MSI's Delaware affiliates to MSI. Regardless, both theories necessarily fail.

##### a.  Monterey's bare allegations are insufficient to satisfy the "notoriously difficult" alter ego test requirements or to justify venue related discovery

Although it may be theoretically possible to impute the residence of one entity to another for venue purposes in a patent infringement case where one entity acts as the alter ego of another, the burden to establish the alter ego relationship "is notoriously difficult for plaintiffs to meet." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001). A legally distinct entity can be the alter ego of another entity only (1) where a court finds that there is a fundamental lack of corporate separateness between the entities; and (2) where this situation also presents an

---

defendants had not even been served until after the case was reassigned. This motion is based on the fact that this case does not belong in Delaware, irrespective of the presiding judge.

element of either fraud, injustice, or unfairness in the use of the corporate form. *See Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d Cir. 2003); *Bristol-Myers Squibb Co. v. Aurobindo Pharma USA Inc.*, No. 17-374-LPS, 2018 U.S. Dist. LEXIS 179154, at *9 (D. Del. Oct. 28, 2018) ("*Bristol-Myers Squibb II*") ("The presumption of corporate separateness may only be overcome by a showing of fraud, injustice, or unfairness."). To succeed on an alter ego theory of liability, a plaintiff must establish that in all aspects of the business, the relevant corporate entities "actually functioned as a single entity and should be treated as such." *Pearson*, 247 F.3d at 485. The Third Circuit considers multiple non-exclusive factors to determine whether there is a lack of corporate separateness. *Bristol-Myers Squibb II*, 2018 U.S. Dist. LEXIS 179154, at *10 (quoting *Pearson*, 247 F.3d at 485).

Monterey fails to point to any evidence relating to the factors that the Third Circuit has used to address corporate separateness. That is, there is no evidence or allegations regarding gross undercapitalization of MSI, failure of MSI or its Delaware affiliates to observe corporate formalities, nonpayment of dividends, MSI's insolvency, siphoning of funds from MSI by any of its Delaware affiliates, nonfunctioning of officers and directors, or as to the absence of corporate records typically associated with such a claim. *Galderma Labs., Inc. v. Medinter US, LLC*, No. 18-1892-CFC-CJB, 2019 U.S. Dist. LEXIS 184608, at *14 (D. Del. Oct. 25, 2019) (discussing the factors that the Third Circuit has used to address corporate separateness).

MSI has maintained separate corporate formalities from its Delaware affiliates, including Marvell Technology, Inc. and Marvell Semiconductor, Ltd. Suppl. Patel Decl. ¶¶ 5, 7–8. MSI and each of the 12 corporate affiliates identified by Monterey are legally separate entities who keep their own respective books and records, have their own respective corporate checking

3

accounts, maintain their own respective workforces (to the extent they have employees), and elect their own respective directors and officers.[2] *Id.* ¶ 8.

Further, Monterey has not identified any fraud, unfairness, or any other impropriety that would justify a rare departure from the usual rule recognizing the corporate form, rather, Monterey appears to assert that it can simply impute venue to an "intimately connected, corporation." That is not the law. Judges on this Court have repeatedly declined to disregard a defendant's separate corporate status when there is no evidence of fraud, unfairness, or injustice. *See Bristol-Myers Squibb II*, 2018 U.S. Dist. LEXIS 179154, at *13 (finding that the records do not support disregarding defendant's separate corporate status as plaintiffs have not shown any evidence of fraud, unfairness, or injustice); *Galderma Labs.*, 2019 U.S. Dist. LEXIS 184608, at *17–18 (finding that plaintiff's allegations were insufficient as there is no evidence showing that any closeness or intermingling of the corporate forms promotes fraud, unfairness, or injustice).

> **b.   Monterey's allegations also fail under an agency theory as none of MSI's Delaware affiliates identified by Monterey have locations or employees in Delaware**

Monterey has not alleged an agency theory nor identified any of MSI's Delaware affiliates as MSI's agent, and even if it had, any such attempt would necessarily fail. "[F]inding an agency relationship simply permits a court to attribute specific acts by the agent to the principal; the agent and principal are still separate corporations." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1464 (D. Del. 1991) (declining to impute agent's status as a Delaware corporation to principal when corporate boundaries have been maintained and there is no evidence to support piercing the corporate veil). When corporate boundaries are maintained, a pure agency relationship does not allow the court to impute one entity's status as a corporation

---

[2] Monterey asserted that Marvell reports at least 12 Delaware affiliates in its recent SEC filing. Opp. at 8. Cavium India Holdings, LLC, while reported under the jurisdiction of Delaware in Marvell's 2020 Form 10-K, is a California entity. *See* Ex. A.

4

of one state to the other. *See AstraZeneca AB v. Mylan Pharms. Inc.*, No. 18-1562-CFC, 2019 U.S. Dist. LEXIS 180264, at *8–10 (D. Del. Oct. 18, 2019) (determining that even if an agency relationship exists between the defendant and its related entity, the defendant would maintain its status as a West Virginia corporation without ties to Delaware).

Notably, although Monterey asserted that "12 Marvell affiliates are Delaware corporations" it has failed to identify a single physical location, facility, or employee of any of those entities in Delaware. Monterey cannot do so as there is simply no such place or employee. None of MSI's Delaware affiliates maintain offices or facilities or have employees in Delaware. Suppl. Patel Decl. ¶¶ 6–7.

### 2. Monterey's request for venue related discovery is frivolous

Monterey has failed to address the legal standard necessary to impute the residence or places of any of MSI's Delaware affiliates to MSI or otherwise allege a "non-frivolous basis for venue" required to justify discovery. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (explaining that plaintiff has to present factual allegations that suggest "with reasonable particularity" the possible existence of requisite "contacts between [the party] and the forum state" to sustain its request to conduct jurisdictional discovery).

Monterey relies on four cases to argue that the Court should deny MSI's motion to dismiss for improper venue and at least allow venue discovery. Opp. at 13–14. However, Monterey's reliance on these cases is misguided.

In *Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, the court recognized that the "place" of a corporate affiliate of a named defendant may, under certain circumstances, be treated as "a place

5

of the defendant" while noting that "among the pertinent circumstances to be considered is whether the formalities of corporate separateness are preserved." No. 16-224-LPS, 2017 WL 5953296, *at 4 (D. Del. Dec. 1, 2017). In that case, plaintiffs alleged specific facts suggesting that formal corporate separateness among the various defendants' entities may not have been preserved, and it was unclear as to whether any of the various defendants' entities had physical locations or employees in the district, so the court permitted limited venue discovery.[3] *Id.* at 3–5. This is also the reason that venue discovery was allowed in *UCB, Inc. v. Mylan Techs., Inc.*, No. 17-322-LPS, 2017 WL 5985559, at *3–4 (D. Del. Dec. 1, 2017), and *Mallinckrodt IP v. B. Braun Med. Inc.*, No. 17-365-LPS, 2017 WL 6383610, at *3–5 (D. Del. Dec. 14, 2017).[4]

Neither of those issues is present here. Monterey has not pointed to any evidence suggesting that formal corporate separateness among the various MSI Delaware affiliates is not maintained, nor could it. MSI and each of its Delaware affiliates maintain separate corporate formalities and lack employees or places of business in Delaware, making venue related discovery a fruitless exercise. Suppl. Patel Decl. ¶¶ 5–8.

Monterey's reliance on *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.* is similarly misguided. There, plaintiffs not only alleged that the Mylan family of companies included more than 40 subsidiaries incorporated in Delaware and the named defendant MPI appeared to serve

---

[3] In *Javelin Pharm.*, plaintiffs alleged that defendants "collaborated in the development of Mylan's Product and preparation and filing of Mylan's ANDA" and if the ANDA is approved, defendants "plan to and will act in concert to manufacture, distribute, import, offer for sale and/or sell Mylan's Product throughout the United States, including within the State of Delaware." 2017 WL 5953296, *at 3, n3.

[4] In *UCB*, plaintiffs alleged that defendants "are agents of each other and/or work in concert with each other" and "act as one entity in seeking FDA approval." 2017 WL 5985559, at *3, n4. In *Mallinckrodt IP*, plaintiffs allege that the places of B. Braun's corporate family, including five Delaware affiliates, "constitute places in Delaware where Braun has a physical presence and conducts business," and that the companies share executive officers and regularly work together on various projects. 2017 WL 6383610, at *3, n4 and *4.

6

the role of securing regulatory approval for many of Mylan's generic products, but also alleged facts suggesting that MPI itself may have a regular and established place of business in Delaware. No. 17-379-LPS, 2017 WL 3980155, at *17–19 (D. Del. Sept. 11, 2017). Thus, the court allowed venue discovery. *Id.* at 21. Notably, after eight-months of limited venue discovery, the court granted MPI's renewed motion to dismiss for improper venue. *Bristol-Myers Squibb II*, 2018 U.S. Dist. LEXIS 179154, at *17. Plaintiff's only remaining theory was that the Delaware residence of an MPI subsidiary could be imputed to MPI due to an alleged alter ego relationship between these two entities. *Id.* at 6. The Court rejected this theory as well because plaintiffs failed to meet their heavy burden to prove an alter ego relationship. *Id.* at 11–14. The court also found further discovery unwarranted as it could amount to a fishing expedition. *Id.* at 14.

Given the facts of this case, allowing Monterey discovery would be nothing less than a wasteful fishing expedition to a lake without fish.

### B. MTGL, MIL and MAPL are Not Subject to Personal Jurisdiction in Delaware

#### 1. Monterey has failed to meet its burden of establishing a prima facie case that MTGL, MIL and MAPL are subject to personal jurisdiction in Delaware

MTGL is a foreign holding company with no operations of its own and it does not develop, manufacture, sell, distribute, or export any products into the United States. D.I. 28 ¶ 9. Monterey attempts to contradict this fact by misrepresenting various statements in MTGL's group of companies' consolidated annual report ("Consolidated Annual Report"). *See* Opp. at 16. The statements on which Monterey relies, begin with the "Company" or "we," and Monterey omitted a key definition that comprises the very first sentence of the Consolidated Annual Report stating: "Marvell Technology Group Ltd., ***together with its consolidated subsidiaries*** ('Marvell,'

7

the 'Company,' 'we,' 'us') is a global fabless semiconductor solutions provider of high-performance data infrastructure products." D. I. 34 Exhibit A at 2.

Read in this light, the statements from Marvell's Consolidated Annual Report are completely consistent with Marvell's assertions. Any activity or presence in the United States that Monterey has attributed to MTGL, should be attributed to MSI, Marvell's U.S. operating subsidiary. *Id.* As the Consolidated Annual Report states, MTGL is "a Bermuda parent holding company." *Id.* at 89. Similarly, Monterey's reliance on 15 plus year old statements from a 2004 United States International Trade Commission action do not change the reality that, as constituted today, MIL is a foreign holding company with no employees or operations of its own. D.I. 28 ¶ 11. Monterey's argument that MAPL has directed or introduced products into the United States is flawed. For any products that MAPL ships to MSI, title transfers outside of the U.S. *Id.* ¶ 14. Because of that, even though MAPL ships products to MSI, MAPL does not have the requisite intent to sell Marvell products in Delaware. *See Intellectual Ventures I LLC v. Ricoh Co.*, 67 F. Supp. 3d 656, 661 (D. Del. 2014) (holding that a foreign affiliate does not have the requisite intent to sell the accused products in Delaware because the foreign affiliate transfers title of the accused product to its U.S. affiliate in Japan).

> **2. Monterey cannot establish that the federal long-arm statute reaches MTGL, MIL and MAPL**

As discussed above, Monterey has failed to establish that MTGL, MIL, and MAPL have sufficient minimum contacts with the U.S. to satisfy due process. It is MSI, not MTGL, MIL or MAPL, that designs, develops, manufactures, or markets the accused products in the United States. *Univ. of Mass. Med. Sch. v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 U.S. Dist. LEXIS 192832, at *25–32 (D. Del. Nov. 13, 2018) (finding no specific jurisdiction over defendant that is not responsible for introducing the accused products into the U.S. or Delaware markets and

has no agency relationship with its U.S. subsidiary). Without contacts sufficient to support jurisdiction in the United States, MTGL, MIL and MAPL cannot be subject to personal jurisdiction under the federal long-arm statute. *See Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 505–506 (D. Del. 2017) ("Since minimum contacts have not been established through either a stream of commerce or agency approach, *ipso facto*, personal jurisdiction cannot be predicated on Fed. R. Civ. P. 4(k)(2).").

### 3. Monterey is not entitled to take jurisdictional discovery

"Before allowing jurisdictional discovery to proceed, '[t]he court must be satisfied that there is some indication that th[e] particular defendant is amenable to suit in this forum.'" *Eastman Chem. Co. v. AlpaPet Inc.*, No. 09-971-LPS-CJB, 2011 U.S. Dist. LEXIS 158477, at *8 (D. Del. Nov. 18, 2011) (citations omitted). "If a plaintiff does not come forward with 'some competent evidence' that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed." *Id.* Monterey has not come forward with any competent evidence justifying their request for jurisdictional discovery. As discussed above, Monterey's allegation against MTGL is based on a misstatement of the Consolidated Annual Report, and Monterey's allegation against MIL and MAPL rely on outdated facts and misinterpretation of the controlling law. Marvell's sworn testimony stands unrebutted and demonstrates affirmatively why MTGL, MIL, and MAPL are not subject to personal jurisdiction in this forum. Thus, Monterey's request for jurisdictional discovery should be denied.

### C. Even if this Court were to determine jurisdiction exists, it should transfer the case to the Northern District of California

Delaware may be Monterey's chosen forum, but a plaintiff's forum preference merits less deference when the plaintiff chooses to file suit outside its "home turf." *Beacon Nav. GmbH v. Chrysler Grp. L.L.C.*, 2013 U.S. Dist. LEXIS 38437, at *53 (D. Del. Mar. 20, 2013) (*citing*

9

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).  Monterey has offices in New Jersey and Santa Clara, California, but has no operations in Delaware.  D.I. 1 ¶ 5; Ex. B.  There is no indication that Monterey has any employees in Delaware either.  Monterey therefore has no presence in Delaware that should be given weight in the transfer analysis.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (denying to give weight to plaintiff's choice of forum in the transfer analysis even when plaintiff claims the forum is its principal place of business but has no presence in the forum).  Instead, MSI is headquartered in the Northern District of California, which would be a significantly more convenient forum for the parties and witnesses as the MSI witnesses and documents are overwhelmingly located in the Northern District of California.  D.I. 28 ¶¶ 3–6.

Monterey's four other pending cases are not a basis for denying transfer.  The Federal Circuit expressly cautioned courts against resolving a motion to transfer "principally on the basis of [related] pending suits."  *See In re Google Inc.*, 2017 U.S. App. LEXIS 4848, at *4–5 (Fed. Cir. Feb. 23, 2017) (concluding the district court erred in denying the transfer motion based on "the mere co-pendency of related suits in a particular district").  Venue is unquestionably improper with respect to MSI, so that portion of the dispute will necessarily need to be resolved in the Northern District of California.  Furthermore, all the co-pending cases are in their early stages and the court has not made a significant investment in any of the cases in terms of either time or work, and transferring the case would not impair trial efficiency.  *See NetSoc, LLC v. LinkedIn Corp.*, No. 18-CV-12215 (RA), 2020 U.S. Dist. LEXIS 6425, at *15 (S.D.N.Y. Jan. 14, 2020) (finding transferring the case would not impair trial efficiency as there has not yet been a significant investment by the court in this case in terms of either time or work).

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | /s/ *Jack B. Blumenfeld* |
|  | Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com |
| OF COUNSEL: | |
| Bijal Vakil<br>Eric E. Lancaster<br>WHITE & CASE LLP<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306-2109<br>(650) 213-0300 | *Attorneys for Defendants* |

OF COUNSEL:

Bijal Vakil
Eric E. Lancaster
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
(650) 213-0300

June 11, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 11, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jonas McDavit, Esquire<br>Jordan N. Malz, Esquire<br>Edward Geist, Esquire<br>Michael Wueste, Esquire<br>Ryan G. Thorne, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)