**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MONTEREY RESEARCH, LLC, | Civil Action No. 19-2083-NIQA-LAS |
| Plaintiff, | |
| vs. | |
| QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES, INC., and QUALCOMM CDMA TECHNOLOGIES ASIA-PACIFIC PTE LTD., | |
| Defendants. | |
| MONTEREY RESEARCH, LLC, | Civil Action No. 19-2090-NIQA-LAS |
| Plaintiff, | |
| vs. | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION, U.S.A., and NANYA TECHNOLOGY CORPORATION DELAWARE, | |
| Defendants. | |
| MONTEREY RESEARCH, LLC, | Civil Action No. 19-2149-NIQA-LAS |
| Plaintiff, | |
| vs. | |
| ADVANCED MICRO DEVICES INC., | |
| Defendant. | |

| | |
|---|---|
| MONTEREY RESEARCH, LLC, | Civil Action No. 20-0089-NIQA-LAS |
| Plaintiff, | |
| vs. | |
| STMICROELECTRONICS N.V and STMICROELECTRONICS, INC., | |
| Defendants. | |
| MONTEREY RESEARCH, LLC, | Civil Action No. 20-0158-NIQA-LAS |
| Plaintiff, | |
| vs. | |
| MARVELL TECHNOLOGY GROUP LTD., MARVELL INTERNATIONAL LTD., MARVELL ASIA PTE LTD., and MARVELL SEMICONDUCTOR, INC. | |
| Defendants. | |

## SCHEDULING ORDER FOR PATENT CASES
## IN WHICH INFRINGEMENT IS ALLEGED

This _____ day of _____, 2020, the Court having ordered filing of a proposed

scheduling order; the parties having determined after discussion that the matter cannot be resolved

at this juncture by settlement, voluntary mediation, or binding arbitration; and the parties having

reached agreement on the issues in this scheduling order[1] except as noted below in Section 9(f)(2)

---

[1] Both AMD and Qualcomm have requested, in several *inter partes* Review (IPR) petitions, that the United States Patent and Trademark Office cancel certain claims of certain patents asserted by Monterey against AMD and Qualcomm. Monterey opposes institution of those IPR petitions, and the United States Patent and Trademark Office has not determined whether to institute them. AMD has moved to stay the entirety of case no. 19-2149-NIQA-LAS pending resolution of its IPR petitions. D.I. 52. Monterey opposes AMD's motion and intends to file its opposition brief on September 16, 2020.

and Section 16 ¶ 2 and briefly explained in by the parties in their May 19, 2020 Rule 26(f) submission, D.I. 39-2:

IT IS ORDERED that:

1.      <u>Relevant Deadlines and Dates</u>. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2.      <u>Rule 26(a)(l) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) within 21 days of the date of this Order.

3.      <u>Disclosure of Asserted Claims and Infringement Contentions</u>. Unless otherwise agreed to by the parties, not later than 50 days after the date of this Order, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Initial Infringement Contentions" shall contain the following information:

(a)      Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

(b)      Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3

(c)     A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)     For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e)     Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused Instrumentality;

(f)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g)     If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

(h)     The timing of the point of first infringement, the start of the claimed damages, and the end of claimed damages; and

(i)     If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4

4.     Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions. With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)     Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)     All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)     A copy of the file history for each asserted patent;

(d)     All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)     If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)     All agreements, including licenses, transferring an interest in any asserted patent;

(g)     All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)     All agreements that otherwise may be used to support the party asserting infringement's damages case,

(i)     If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such embodying accused instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such embodying accused instrumentalities; and

(j)     All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

A party's production of a document as required by this paragraph shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.     <u>Invalidity Contentions</u>.[2] Unless otherwise agreed to by the parties, not later than  50 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a)     The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified

---

[2] Depending on when the scheduling order is entered, this date may fall on or around the end-of-year holidays. In such eventuality, the Defendants reserve the right to seek a short extension to avoid the holidays.

by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)     A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)     Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.    Document Production Accompanying Invalidity Contentions. With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a)    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)    A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)    All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d)    Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e)    All agreements that may be used to support the damages case of the party that is denying infringement.

7.    Amendment to Contentions. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused

Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 11, 2021.

9.     <u>Discovery</u>.

(a)     <u>Coordination</u>: The parties will make best efforts to coordinate discovery to minimize the burdens of discovery on all parties and on the Court.

(b)     <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before November 20, 2021.

(c)     <u>Document Production</u>.   Document production shall be substantially completed on or before April 6, 2021.

(d)     <u>Requests for Admission.</u>   The parties may exchange up to twenty (20) individual requests for admission between Plaintiff and each Defendant Group.[3]

---

[3] For purposes of counting discovery requests and deposition hours, a Defendant Group is all entities in a single case brought by Plaintiff.  For example, the Qualcomm Defendant Group would contain Qualcomm Incorporated, Qualcomm Technologies, Inc., and Qualcomm CDMA Technologies Asia-Pacific Pte Ltd.

Note: STMicroelectronics N.V. has moved to dismiss the complaint against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12 (b) (2).  (C.A. No. 20-0089 – NIQA-LAS (D.I. 25)).  Accordingly, STMicroelectronics N.V. objects to participating in any aspect of this litigation, including the meet and confer process contemplated by Rule 26 and submission of the Rule 26 (f) Report and the Proposed Scheduling Order until the motion to dismiss is resolved. Marvell Semiconductor, Inc. will be moving to dismiss under Rule 12(b)(3) for improper venue and the remaining Marvell entities will be moving to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  The Marvell entities object to participating in any aspect of this litigation, including the meet and confer process contemplated by Rule 26 and submission of the Rule 26(f) Report and the Proposed Scheduling Order, until their motions to dismiss are resolved.

Notwithstanding the foregoing, if a party does not agree to stipulate to the authenticity of documents, there is no limitation on the number of requests for admission relating to the authenticity of documents, which shall be served in time to be completed before the close of fact discovery.

(e)     Interrogatories.   A maximum of fifteen (15) common interrogatories, including contention interrogatories, are permitted for Plaintiff towards all Defendants and fifteen (15) common interrogatories from all Defendants towards Plaintiff.  The parties may exchange up to an additional fifteen (15) individual interrogatories between Plaintiff and each Defendant Group.

(f)     Depositions.

(1)     Coordination: To the extent possible, defendants agree to coordinate third party discovery and third party depositions where the third party has knowledge relevant to common issues, such as third party inventors of patents asserted in multiple cases, or former assignees of patents asserted in multiple cases, or invalidity issues related to patents asserted in multiple cases.  Defendants also agree, to the extent possible, to coordinate its individual and corporate depositions of Plaintiff to avoid duplicative depositions on common issues.

(2)     *Hours.*

| *Plaintiff's Proposal:* | *Defendants' Proposal:* |
|---|---|
| In each case: | Plaintiff is limited to no more than |
| • Plaintiff is limited to no more than 60 hours of deposition testimony, inclusive of 30(b)(6) deposition | sixty (60) hours of deposition testimony of each Defendant Group (i.e., no more than 60 hours total |

| | |
|---|---|
| time and depositions of third parties.<br><br>• The Defendant Group of that case is limited to no more than 60 hours of deposition testimony, inclusive of 30(b)(6) deposition time and depositions of third-parties.<br><br>• Expert depositions do not count toward a party's deposition time<br><br>The Defendants also are collectively limited across all five above-captioned cases to no more than 80 total hours of deposition of Plaintiff and its Affiliates, including their past or current officers, employees, and agents.<br><br>Each Defendant Group shall be provided notice of every third party deposition so that each Defendant Group may decide if they want to participate in that deposition. If a Defendant Group elects to participate | deposition time for each Defendant Group, including their past or current officers, employees, and agents), inclusive of 30(b)(6) deposition time and deposition of third parties. Each Defendant Group is limited to no more than Sixty (60) hours of deposition testimony, inclusive of 30(b)(6) deposition time and depositions of third-parties. Expert depositions do not count toward a party's deposition time |

| | |
|---|---|
| in the deposition, the deposition hours will count against that Defendant Group's deposition hour limit. If a Defendant Group elects not to participate in that deposition, it shall not be permitted to use or rely on that deposition in its case. | |

(3) <u>Time Limits.</u> Each individual fact deposition is limited to 7 hours, unless the parties agree otherwise or the Court so permits.  To the extent more than one party seeks to depose the same fact witness, the parties shall confer regarding the total time to be allotted for deposing that fact witness and shall promptly raise any unresolved disputes with the Court. This limitation shall not apply to the deposition of the parties' designated experts. The parties shall confer regarding the time to be allotted for expert depositions following service of expert reports.  For any deposition conducted primarily through an interpreter, 1.5 hours of time on the record will count for 1 hour of deposition time against this total allotment.

(4) <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a

counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10.     <u>Pinpoint Citations</u>.   Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel*, 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.     <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by September 15, 2020.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.   By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.     <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a)     Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues.  The party shall submit as attachments to its letter (1) an averment of counsel that the parties

made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party.  The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)     By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)     The parties will comply with the Judge's preferences regarding hard copies of discovery papers.

(d)     If a motion concerning a discovery matter or protective order is filed without leave of the Court that does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

13.     Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.     Hard Copies. The parties will comply with the Judge's preferences regarding hard copies of motions and other papers.

15.     Claim Construction Issue Identification. The parties will make best efforts to coordinate claim construction to minimize the burdens of discovery on all parties and on the Court. Claim Construction briefing shall occur separately but concurrently for each patent.  On or before February 15, 2021, Plaintiff and the Defendant Groups against whom each respective patent is

14

asserted shall exchange a list of those claim term(s)/phrase(s) that the parties believe need construction (the "Term Disclosure").  On or before March 1, Plaintiff and the Defendant Groups against whom a respective patent is asserted shall exchange their proposed claim construction of those term(s)/phrase(s) (the "Proposed Constructions").  Neither the Term Disclosure nor the Proposed Constructions will be filed with the Court.  Subsequent to exchanging the Term Disclosure and the Proposed Constructions, Plaintiff shall meet and confer with the Defendant Groups against whom each respective patent is asserted to prepare a Joint Claim Construction Chart with respect to that patent to be filed no later than March 15, 2021.  The Joint Claim Construction Charts, in Word format, shall be e-mailed simultaneously to the Court.  The text for the Joint Claim Construction Charts shall be 14-point and in Times New Roman or a similar typeface.  The Joint Claim Construction Charts should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with each Joint Claim Construction Chart.  This joint submission will not include argument.  Each party shall file concurrently with each Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart.  The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16.    <u>Claim Construction Briefing</u>.  After the submission of the Joint Claim Construction Charts, the parties shall meet and confer about the number of terms to be construed and the word limits for briefing.  By March 22, 2021, the parties should either submit a stipulation on these

topics or their competing proposals to the Court.  In the event there are disputes between the parties, the Court will hold a teleconference on ***March ___, 2021 at __:___ __.m***.

Unless subsequently changed by stipulation or Court order, the parties will abide by the following schedule and word limits for claim construction briefing: The Plaintiff shall serve separately on the Defendant Groups against whom each respective patent is asserted, but not file, its opening brief with respect to that patent, on May 3, 2021.  The Defendant Groups against whom each respective patent is asserted shall serve, but not file, their common answering brief with respect to that patent, on June 1, 2021.  The Plaintiff shall serve, but not file, its reply brief with respect to that patent, on June 22, 2021.  The Defendant Groups against whom each respective patent is asserted shall serve, but not file, their common sur-reply brief with respect to that patent on June 30, 2021.  The text for each brief shall be 14-point and in Times New Roman or a similar typeface.  Plaintiff's opening brief with respect to each patent shall be between 600 and 2600 words, and in no event will the total number of words for plaintiff across all sixteen patents be greater than ***[Plaintiff's Proposal: 16,000 words / Defendants' Proposal: 25,600 words]***. Defendants' common answering brief with respect to each patent shall be between 1300 and 3500 words, and in no event shall the total words for all answering briefs together exceed ***[Plaintiff's Proposal: 24,000 words / Defendants' Proposal: 38,400 words]***.  Plaintiff's individual reply brief with respect to each patent shall be between 600 and 2600 words, but in no event will the total number of words for all Plaintiff reply briefs exceed ***[Plaintiff's Proposal: 16,000 words / Defendants' Proposal: 25,600 words]***.  Defendants' common sur-reply brief with respect to each patent shall be between 500 and 1100 words, and in no event shall the total number of words for all sur-reply briefs together exceed ***[Plaintiff's Proposal: 8,000 words / Defendants' Proposal:***

*12,800 words]*.   In lieu of serving a separate brief with respect to each patent, the parties may serve a consolidated brief that combines the separate patent-specific sections into one filing.

17.    Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than July 8, 2021, Plaintiff and the Defendant Groups against whom each respective patent is asserted shall file a separate Joint Claim Construction Brief with respect to that patent.  The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-upon Constructions

II.    Disputed Constructions

    A.    [TERM 1]

        1.    Plaintiffs Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendant's Sur-Reply Position

    B.    [TERM2]

        1.    Plaintiffs Opening Position
        2.    Defendant's Answering Position
        3.    Plaintiffs Reply Position
        4.    Defendant's Sur-Reply Position

Etc.

The Joint Claim Construction Briefs need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, Plaintiff and the Defendant Groups against whom each respective patent is asserted shall submit such materials in a Joint Appendix to each Joint Claim Construction Brief.  Citations to intrinsic

evidence shall be set forth in the Joint Claim Construction Brief.  Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence.  *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996).  Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph.  The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

18.     <u>Meet and Confer Confirmation and Amended Claim Chart</u>.  On or before July 12, 2021, local and lead counsel for Plaintiff shall meet separately for each patent with the Defendant Groups against whom each respective patent is asserted to meet and confer.  Plaintiff and the Defendant Groups against whom each respective patent is asserted shall thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute.  During the meet and confer, the Plaintiff and the Defendant Groups against whom each respective patent is asserted shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms.  Plaintiff and the Defendant Groups against whom each respective patent is asserted shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted.  If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state and the parties need not file an Amended Joint Claim Construction Chart.

19.     <u>Hearing on Claim Construction</u>.  Beginning at _____ _.m. in July 2021, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is

sought, must be done by joint letter submission no later than the date on which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

20.     <u>Disclosure of Expert Testimony</u>.

(a)     To the extent that the Court has not issued its Claim Construction Order 30 days before the first deadline listed in this section, the Parties shall meet and confer with respect to adjusting the dates for expert disclosures, for the purpose of receiving the Court's Claim Construction Order before the Parties' disclosure of expert reports.

(b)     <u>Expert Reports</u>.  For the party with the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before January 13, 2022.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on February 14, 2022.  Reply expert reports from the party with the initial burden of proof are due on or before March 8, 2022.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before April 7, 2022.

(c)     <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

21.   <u>Case Dispositive Motions</u>.

(a)   <u>No Early Motions Without Leave</u>.  All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before May 12, 2022.  No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.

(b)   <u>Motions to be Filed Separately</u>.  A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)   <u>Word Limits Combined with Daubert Motion Word Limits</u>. The parties agree to meet and confer to discuss page and/or word limits with respect to case dispositive motions and Daubert motions and, if unable to reach consensus, raise the issue with the Court on or before March 20, 2022.

(d)   <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[4] A party must submit a separate concise statement of facts for each summary judgment motion.  Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

---

[4] The party must detail each material/act in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

(e)    <u>Focus of the Concise Statement</u>.  When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced.  The document referred to shall have relevant portions highlighted or otherwise emphasized.  The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context.  If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript.  If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists.  When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.  Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

(f)    <u>Word Limits for Concise Statement</u>.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 14-point and in Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares

21

the certification may rely on the word count of the word-processing system used to prepare the statement.

(g)  <u>Affidavits and Declarations</u>.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(h)  <u>Scope of Judicial Review</u>.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties.  Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

22.  <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motions should contain the statement required by Local Rule 7.1.1.

23.  <u>Pretrial Conference</u>.  On October 11, 2022, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at _____ _.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 6:00 p.m. on September 2, 2022.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraph 10 of this Order.

24.  <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  For each case, each

side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one- page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.  Motions *in limine* shall comply with paragraph 10 of this Order.

   25. <u>Compendium of Cases</u>.  A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus.  The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction).  An authority that is cited only once by a party generally should not be included in the compendium.   An authority already provided to the Court by another party should not be included in the compendium.  Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court.  Compendiums shall comply with paragraph 14 of this Order.

   26. <u>Jury Instructions, Voir Dire and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on September 2, 2022.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format via e-mail to the Court.

27.     <u>Trial</u>.  These matters are scheduled for 5 to 10 day trials beginning at 8:30 a.m. on October 21, 2022, with the subsequent trial days beginning at 9:00 a.m. Defendants do not agree that the cases may be tried together.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trials will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

28.     <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Nitza I. Quiñones Alejandro
United States District Court Judge

24

**Exhibit A**

| Event | Date |
|---|---|
| Rule 26(a)(1) disclosures | 21 days following entry of the scheduling order |
| Protective Order | September 15, 2020 |
| Plaintiff's Disclosure of Asserted Claims and Infringement Contentions | 50 days following entry of the scheduling order |
| Defendants' Invalidity Contentions and Core Technical Production | 50 days following service of Plaintiff's Infringement Contentions |
| Parties exchange list of claim terms | February 15, 2021 |
| Parties exchange claim term identifications and proposed constructions | March 1, 2021 |
| Parties file Joint Claim Construction Chart | March 15, 2021 |
| Substantial completion of document production | April 6, 2021 |
| Filing of any stipulation or competing proposals regarding number of claim terms to be construed | March 22, 2021 |
| Hearing regarding number of claim terms to be construed and word limits (if necessary) | Late March 2021 |
| Plaintiff serves claim construction opening brief | May 3, 2021 |
| Defendant serves claim construction answering brief | June 1, 2021 |
| Plaintiff serves claim construction reply brief | June 22, 2021 |
| Defendant serves claim construction sur-reply brief | June 30, 2021 |
| Parties file Joint Claim Construction Brief | July 8, 2021 |
| Meet and Confer Confirmation and Amended Claim Chart | July 12, 2021 |
| Claim Construction Hearing | Mid-July 2021 |
| Joinder of other parties and amendment of pleadings | August 11, 2021 |

| Event | Date |
|---|---|
| Close of fact discovery | November 20, 2021 |
| Opening Expert Reports | January 13, 2022 |
| Rebuttal Expert Reports | February 14, 2022 |
| Reply Expert Reports | March 8, 2022 |
| Close of Expert Discovery | April 7, 2022 |
| Case Dispositive/*Daubert* Motions | May 12, 2022 |
| Joint proposed final pretrial order | September 2, 2022 |
| Jury instructions, voir dire, and special verdict forms | September 2, 2022 |
| Pretrial Conference | October 11, 2022 |
| Trial | October 21, 2022 |