# EXHIBIT 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Monterey Research, LLC <br> *Plaintiff* <br> v. <br> Advanced Micro Devices, Inc. <br> *Defendant* | ) ) ) ) Civil Action No. C.A. No. 19-2149-NIQA-LAS ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: IPValue Management Inc. c/o Intertrust Corporate Services Delaware Ltd., 200 Bellevue Parkway, Suite 210, Wilmington, DE 19809

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A (to be produced on February 1, 2021, or any such other date and place as mutually agreed upon).

| Place: O'Melveny & Myers LLP <br> 400 South Hope Street, 18th Floor <br> Los Angeles, CA 90071 | Date and Time: <br> 02/01/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/23/2020

*CLERK OF COURT*

OR

_____         /s/ Nicholas Whilt
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Advanced Micro Devices, Inc. , who issues or requests this subpoena, are:

Nicholas Whilt, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071, 213-430-6000, nwhilt@omm.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  C.A. No. 19-2149-NIQA-LAS

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS AND INSTRUCTIONS

**Definitions:**

1. "IPValue Management," "IPValue Management Group," "IPValue," "you," and "your" shall refer to IPValue Management Inc., any predecessor or successor of IPValue Management Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of IPValue Management Inc.

2. "Monterey" shall refer to Monterey Research, LLC, any predecessor or successor of Monterey Research, LLC, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Monterey Research, LLC.

3. "Cypress Semiconductor," "Cypress," shall refer to Cypress Semiconductor Corporation, any predecessor or successor of Cypress Semiconductor Corporation, and any past or present parent (including, but not limited to, Infineon Technologies AG), division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Cypress Semiconductor Corporation.

4. "Spansion Inc." and "Spansion" shall refer to Spansion Inc., any predecessor or successor of Spansion Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Spansion Inc.

5. "Infineon" shall refer to Infineon Technologies AG, any predecessor or successor of Infineon Technologies AG, and any past or present parent, division, subsidiary, affiliate, joint

venture, associated organization, director, officer, agent, employee, consultant, staff member, associate, partner, or other representative of Infineon Technologies AG.

6. "Defendants" means Qualcomm Incorporated, Qualcomm Technologies, Inc. and Qualcomm CDMA Technologies Asia Pacific Pte Ltd. (collectively, "Qualcomm"); Nanya Technology Corporation, Nanya Technology Corporation, U.S.A., and Nanya Technology Corporation Delaware (collectively, "Nanya"); Advanced Micro Devices, Inc. ("AMD"); Marvell Technology Group Ltd., Marvell International Ltd., Marvell Semiconductor, Inc., and Marvell Asia Pte Ltd. (collectively, "Marvell"); and STMicroelectronics, Inc. ("ST, Inc.").

7. The term "the '031 Patent" shall mean and refer to U.S. Patent No. 6,363,031 and any application therefor.

8. The term "the '516 Patent" shall mean and refer to U.S. Patent No. 6,680,516 and any application therefor.

9. The term "the '526 Patent" shall mean and refer to U.S. Patent No. 6,825,526 and any application therefor.

10. The term "the '993 Patent" shall mean and refer to U.S. Patent No. 6,902,993 and any application therefor.

11. The term "the '429 Patent" shall mean and refer to U.S. Patent No. 7,158,429 and any application therefor.

12. The term "the '573 Patent" shall mean and refer to U.S. Patent No. 6,642,573 and any application therefor.

13. The term "the '407 Patent" shall mean and refer to U.S. Patent No. 6,765,407 and any application therefor.

14. The term "the '727 Patent" shall mean and refer to U.S. Patent No. 7,572,727 and any application therefor.

15. The term "the '797 Patent" shall mean and refer to U.S. Patent No. 7,977,797 and any application therefor.

16. The term "the '226 Patent" shall mean and refer to U.S. Patent No. 6,629,226 and any application therefor.

17. The term "the '807 Patent" shall mean and refer to U.S. Patent No. 6,961,807 and any application therefor.

18. The term "the '455 Patent" shall mean and refer to U.S. Patent No. 8,373,455 and any application therefor.

19. The term "the '281 Patent" shall mean and refer to U.S. Patent No. 7,092,281 and any application therefor.

20. The term "the '625 Patent" shall mean and refer to U.S. Patent No. 6,459,625 and any application therefor.

21. The term "the '805 Patent" shall mean and refer to U.S. Patent No. 6,534,805 and any application therefor.

22. The term "the '134 Patent" shall mean and refer to U.S. Patent No. 6,651,134 and any application therefor.

23. The term "the '951 Patent" shall mean and refer to U.S. Patent No. 7,495,951 and any application therefor.

24. The terms "Asserted Patents" or "Patents-in-Suit" shall mean and refer to the '031, '516, '526, '993, '429, '573, '407, '727, '797, '226, '807, '455, '281, '625, '805, '134, and '951 Patents.

25. "Date" shall mean the exact date, if known, or the closest approximation to the exact date specified, including without limitation, the year, month, week in a month, or part of a month.

26. "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tap recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a distinct version).  By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded or visual material of any kind.

27. "Relate to," "related to," "relating to," and "regarding" shall mean in whole or in part constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

28. "Related Patent(s)" means all patents and patent applications relating to the Patents-in-Suit, including any patents or patent applications (including all published and unpublished pending and abandoned applications) from or through which the Patents-in-Suit

claim priority, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority from or through the Patents-in-Suit, any patents or patent applications (including all published and unpublished pending and abandoned applications) that claim priority to a patent or patent application to which the Patents-in-Suit also claims priority, and any foreign counterpart patents or patent applications (including all published and unpublished pending and abandoned applications) of any of the foregoing.

29. "Actions" means the following cases in the United States District Court for the District of Delaware: (1) Monterey Research, LLC v. Advanced Micro Devices, Inc., C.A. No. 19-2149; (2) Monterey Research, LLC v. Qualcomm Inc., et al., C.A. No. 19-2083; (3) Monterey Research, LLC v. Nanya Technology Corp., et al., C.A. No. 19-2090; (4) Monterey Research, LLC v. STMicroelectronic, Inc., et al., C.A. No. 20-0089; and (5) Monterey Research, LLC v. Marvell Technology Group, Ltd., et al., C.A. No. 20-0158.

30. As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

31. As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

32. Except where the context does not permit, the term "including" shall be without limitation.

33. Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

34. Except where the context does not permit, the terms "each," "any," and "all" shall mean and include the others.

35. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

**Instructions:**

1. If you withhold any document, or communication, or portion thereof, in response to any of the requests set forth below on grounds of privilege or any other claim of immunity from discovery, then for each document, communication, or portion thereof so withheld, provide a statement of the following: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work product doctrine," etc.).

## DOCUMENT REQUESTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for Defendants request that IPValue produce the following categories of documents and things for inspection and copying at the offices of O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071 on or before February 1, 2021, or at such other date and place as mutually agreed upon.

**REQUEST FOR PRODUCTION NO. 1:**

The confidential exhibit(s) filed as part of the ITC complaints in *Static Random Access Memories and Products Containing Same,* ITC Inv. No. 337-TA-792 (filed June 10, 2011) or *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-735 (filed Aug. 6, 2010) or *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-893 (filed Aug. 1, 2013) that identify licensees under the '805, '134, or '625 Patents or any portfolio that includes the '805, '134, or '625 Patents.

**REQUEST FOR PRODUCTION NO. 2:**

Settlement agreements arising from or relating to *Static Random Access Memories and Products Containing Same,* ITC Inv. No. 337-TA-792 (filed June 10, 2011) or *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3-13-cv-02013 (N.D. Cal.) or *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3:13-cv-03757 (N.D. Cal.) or *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-735 (filed Aug. 6, 2010) or *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-893 (filed Aug. 1, 2013) or *Spansion LLC v. Macronix International Co., Ltd. et al.*, Case No. 3-13-cv-03566 (N.D. Cal.) or *Spansion LLC v. Samsung Electronics Co. Ltd. et al.*, Case No. 5-10-cv-03446 (N.D. Cal.) or *Macronix International Co., Ltd. v. Spansion LLC*, IPR2014-00104 (PTAB) that relate to any of the Asserted Patents or Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents, including, but not limited to, any agreements with Ericsson Inc., Nokia Siemens Networks US, LLC, Nokia Siemens Networks BV, Nokia America Corporation f/k/a Alcatel-Lucent USA Inc., GSI Technology, Inc., Samsung Electronics Co. Ltd., Apple, Inc., Nokia Corp., PNY Technologies, Inc., Research in Motion Ltd., Transcend Information, Inc., Macronix International Co. Ltd., Acer, Inc., ASUSTek Computer Inc., Belkin International, Inc., D-Link Corporation, Netgear Inc., Nintendo Co., Ltd., or any other Defendant or Respondent or any entity affiliated with any Defendant or Respondent in those cases.

**REQUEST FOR PRODUCTION NO. 3:**

Confidential filings from *Static Random Access Memories and Products Containing Same,* ITC Inv. No. 337-TA-792 (filed June 10, 2011) or *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-735 (filed Aug. 6, 2010) or *Flash Memory Chips and*

-7-

*Products Containing Same*, ITC Inv. No. 337-TA-893 (filed Aug. 1, 2013) that relate to satisfaction of the economic prong of the domestic industry requirement, including all confidential orders, determinations, motions, responses, declarations, exhibits, and other supporting documents related to Spansion's motion for summary determination filed April 20, 2011 in ITC Inv. No. 337-TA-735 and Cypress's motion for summary determination filed January 19, 2012 in ITC Inv. No. 337-TA-792.

**REQUEST FOR PRODUCTION NO. 4:**

All agreements relating to the Asserted Patents or Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents, including, but not limited to, settlement agreements, license agreements, covenants not to sue, agreements of non-assertion, releases, and assignments.

**REQUEST FOR PRODUCTION NO. 5:**

All agreements relating to the Actions, including, but not limited to, any agreements between Cypress and IPValue, or any other party or parties with an interest in the outcome of any of these Actions.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements between IPValue and any predecessor in interest to the Asserted Patents, (including but not limited to Spansion, Cypress, and Infineon) that relate to any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements relating to IPValue's acquisition or divestiture of any of the Asserted Patents or Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify any Ownership Interest in any of the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents that is or has been held by any person or entity, including any financial institution, litigation finance company, predecessor in interest (including, but not limited to Spansion, Cypress , and Infineon), inventor, or any company related to IPValue.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify any interest or right that any person or entity has or may have in the outcome of the Actions or any proceeds resulting from litigation, licensing, or commercialization involving any of the Asserted Patents or Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between IPValue and any other party, including, but not limited to, Spansion, Cypress, and Infineon, relating to the Actions.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to Monterey's acquisition or divestiture of any of the Asserted Patents, Related Patents, or patent portfolio that includes any of the Asserted Patents or Related Patents, including, but not limited to, the negotiations relating to such acquisition, any compensation or consideration provided to or received from any party (including, but not limited to, Spansion, Cypress, and Infineon) and the cost or potential cost to IPValue relating to the acquisition or the profits or potential profits to IPValue relating to the divestiture.

**REQUEST FOR PRODUCTION NO. 12:**

All prior art and invalidity contentions relating to the '805,'134, and '625 Patents from *Static Random Access Memories and Products Containing Same*, ITC Inv. No. 337-TA-792 (filed June 10, 2011) and *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3-13-cv-02013 (N.D. Cal.) and *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3:13-cv-03757 (N.D. Cal.) and *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-735 (filed Aug. 6, 2010) and *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-893 (filed Aug. 1, 2013) and *Spansion LLC v. Macronix International Co., Ltd. et al.*, Case No. 3-13-cv-03566 (N.D. Cal.) and *Spansion LLC v. Samsung Electronics Co. Ltd. et al.*, Case No. 5-10-cv-03446 (N.D. Cal.), including any deposition transcripts, declarations, or documents relating to such prior art.

**REQUEST FOR PRODUCTION NO. 13:**

All documents or things that any person or entity has identified or alleged as prior art or potential prior art to any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to the prosecution, reexamination, reissue, *inter partes* review, or other proceeding before any patent office, including, but not limited to, the United States Patent and Trademark Office, relating to the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications relating to any allegation or assertion of infringement, non-infringement, validity, invalidity, enforceability, or unenforceability by anyone concerning any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 16:**

Deposition transcripts (with exhibits), trial testimony, and declarations of any named inventors of the Asserted Patents or Related Patents regarding any of those patents, including, but not limited to, in connection with *Static Random Access Memories and Products Containing Same,* ITC Inv. No. 337-TA-792 (filed June 10, 2011) and *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3-13-cv-02013 (N.D. Cal.) and *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 3:13-cv-03757 (N.D. Cal.) and *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-735 (filed Aug. 6, 2010) and *Flash Memory Chips and Products Containing Same*, ITC Inv. No. 337-TA-893 (filed Aug. 1, 2013) and *Spansion LLC v. Macronix International Co., Ltd. et al.*, Case No. 3-13-cv-03566 (N.D. Cal.) and *Spansion LLC v. Samsung Electronics Co. Ltd. et al.*, Case No. 5-10-cv-03446 (N.D. Cal.).

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications relating to the named inventors of the Asserted Patents or Related Patents relating to the any of the Asserted Patents or Related Patents, or the alleged inventions of any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to the value or any valuation of any of the Asserted Patents, Related Patents, any portfolio that includes any of the Asserted Patents or Related Patents, or the alleged inventions of any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show any and all offers, proposals, or agreements to license, buy, sell, assign, or transfer any right or interest in any of the Asserted Patents or Related Patents, any portfolio that includes any of the Asserted Patents or Related Patents, any of the alleged

inventions of any of the Asserted Patents or Related Patents, or any business entities that possess any right or interest in any of the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show any effort by IPValue or any other entity to mark, require marking, or determine whether any other party has marked any products with any of the patent numbers or other marks for any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications that refer or relate to the conception, reduction to practice, research, development, design, or commercialization of the alleged inventions claimed in the Asserted Patents or Related Patents, or any related diligence, including any document referring to or purporting to support a conception date for any claimed invention before the filing date of any Asserted Patent or Related Patent.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications that were created or exchanged as part of the discussions, negotiations, execution, or implementation of the acquisition or divestiture by IPValue of the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show your past and present organizational structure, including identification of your parents, divisions, subsidiaries, affiliates, joint ventures, associated organizations, and the names of Your officers, managers, directors, and their positions and responsibilities.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to show Your business or revenue generation plans relating to the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show Your revenues, profits, and expenses, including, for example, Your annual reports, annual financial statements, quarterly reports, quarterly financial statements, income statements, balance sheets, financial filings, statements of operations, cash flow statements, and other earnings or financial statements, whether audited or unaudited and whether for external or internal purposes.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents, Communications, and things that refer to or relate to Defendants or any individual Defendant.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show Your alleged ownership of the Asserted Patents, including but not limited to, all invention assignment agreements, patent assignment agreements, or other agreements between You and any current or former owner of the Asserted Patents, and all assignments, notices, and records relating to such assignments.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications, and things related to the value, cost, or potential cost to acquire (1) any right to the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents; (2) any interest in an entity that owns or owned any right to the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents; or (3) any right to the proceeds of the Actions.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, Communications, and things that constitute, refer to, or Relate to any analysis or calculation of any damages for Defendants or any individual Defendant's alleged infringement of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, Communications, and things that refer or relate to any reasonable royalty related to any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, and things that refer or relate to any established royalty rate, or any royalty or royalty rate calculated, proposed, considered, charged, or collected in connection with any of the Asserted Patents, Related Patents, or any portfolio that includes any of the Asserted Patents or Related Patents.